IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JAMES A. BIGGINS, | § | |
| | § | |
| Defendant Below, | § | No. 462, 2018 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 9609015504 (S) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: October 29, 2018
Decided: December 11, 2018

Before **VALIHURA**, **SEITZ**, and **TRAYNOR**, Justices.

## ORDER

After careful consideration of the appellant's opening brief, the appellee's motion to affirm, and the record on appeal, it appears to the Court that:

(1) The appellant, James A. Biggins, filed this appeal from the Superior Court's denial of his motion for a new trial. The State of Delaware has filed a motion to affirm the Superior Court's judgment on the ground that it is clear on the face of Biggins's opening brief that his appeal is without merit. We agree and affirm.

(2) In 1997, Biggins was convicted of multiple sex offenses. He subsequently filed many unsuccessful motions and petitions seeking to overturn his

conviction and sentence.[1] On March 27, 2018, Biggins filed a notice of appeal from a Superior Court order declining to rule on another motion for postconviction relief that he had filed. On June 29, 2018, this Court held that the matter "must be remanded to the Superior Court for preliminary consideration of Biggins' motion for postconviction relief under Rule 61(d) and for the issuance of an appropriate order."[2]

(3) On remand, the Superior Court denied Biggins' motion. The Superior Court held that the motion was procedurally barred and that Biggins' attacks on the handling of the DNA evidence was immaterial because his defense at trial was consent, not misidentification. This appeal followed. On appeal, Biggins argues that the Superior Court erred in denying his motion because the State failed to secure the DNA evidence collected. He also argues that the Superior Court erred in denying the motion for transcripts at State expense that he filed after the Superior Court denied his motion for postconviction relief.

(4) We affirm the Superior Court's judgment denying Biggins' motion for postconviction relief on the basis of, and for the reasons stated in, the Superior Court's well-reasoned decision dated August 23, 2018. The Superior Court did not err in determining that Biggins' motion was procedurally barred under Superior

---

[1] *See, e.g., Biggins v. State*, 2011 WL 2731214, at *1 (Del. July 11, 2011) (affirming the Superior Court's denial of Biggins' seventh motion for postconviction relief under Superior Court Criminal Rule 61, finding Biggins' numerous filings constituted an abuse of process, and prohibiting Biggins from filing any further papers challenging his convictions in Cr. ID No. 9609015504 without approval of a justice).

[2] *Biggins v. State*, 2018 WL 3213791, at *1 (Del. June 29, 2018).

2

Court Criminal Rule 61, Biggins had not overcome the procedural bars, and the handling of the DNA evidence was immaterial because Biggins' defense at trial was consent, not misidentification. We also conclude that the Superior Court did not err in denying Biggins' motion for transcripts at State expense.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is granted and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice